IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BANK OF THE WEST, | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND |
| Plaintiff, | |
| v. | Case No. 2:15-cv-622 CW |
| NEWELL K. WHITNEY, et al., | District Judge Clark Waddoups |
| Defendants. | Magistrate Judge Brooke Wells |

Plaintiff Bank of the West (BOTW) moves the court under Rule 15(a) to file an Amended Complaint.[1] BOTW also seeks an order vacating the existing Scheduling Order so that "a new scheduling order can be entered after the newly-added defendants have been served."[2]

This matter involves an effort to collect on a $2 million judgment entered against Newell Whitney in 2012. Mr. Whitney claims to have no personal assets that BOTW can pursue to satisfy this judgment. In the original Complaint BOTW alleges claims for resulting trust, reverse piercing of the corporate veil, fraudulent transfer and seeks declaratory judgment regarding the debt from Whitney Trust to the Whitney Limited Partnership.[3]

DISCUSSION

Federal Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."[4] "The district court has 'wide discretion to recognize a motion for leave to amend in

---

[1] Docket no. 104.

[2] Mtn. p. 2.

[3] Complaint p. 13-18, docket no. 2.

[4] Fed. R. Civ. P. 15(a)(2).

the interest of a just, fair or early resolution of litigation.'"[5] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6]

The Supreme Court in *Foman* cited "undue delay" as one of the justifications for denying a motion to amend.[7] Lateness, however, "does not of itself justify the denial of the amendment."[8] But, the "longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[9] In determining whether a movant has unduly delayed in bringing a motion to amend, the Tenth Circuit "focuses primarily on the reasons for the delay."[10] For example, courts may deny leave to amend when the movant "has no adequate explanation for the delay."[11] In addition, courts may deny leave to amend for lack of excusable neglect "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."[12]

Under the Amended Scheduling Order entered June 2, 2016 the last day to amend the pleadings and add parties is April 29, 2016.[13] BOTW seeks leave to amend nearly six months

---

[5] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

[6] *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[7] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[8] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

[9] *Minter v. Prime Equipment Co.* 451 f.3d 1196, 1205 (10th Cir. 2006) (quoting *Steir v. Girl Scouts*, 383 F.3d 7, 12 (1st Cir. 2004)).

[10] *Id.* at 1206.

[11] *Id*. (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[12] *Fed. Ins. Co. v. Gates Learjet Corp*., 823 F.2d 383, 387 (10th Cir. 1987).

[13] Docket no. 85.

later in November 2016.  BOTW argues that the "information supporting the claims set forth in the Amended Complaint was not discovered by BOTW (or, at least, its significance was not appreciated), until the end of September, when BOTW conducted the depositions of defendants Newel Whitney and Connie Whitney, their son Kyle Whitney, and also their accountant and estate planning/asset protection lawyer."[14]  BOTW acknowledges that in early May 2016, Defendants produced "transaction reports" that set forth in detail the distributions made by Defendant Fox Run, LLC to its members and partners.  But it was not until September 2016 when Plaintiff's counsel was preparing for depositions that it noticed the distributions were made around the same time that summary judgment was entered against Defendant Newell Whitney individually in 2011.

Defendants argue this failure by Plaintiff's attorney to review the documents until shortly before the depositions does not justify the delay in seeking to amend the complaint.  Further, such a delay is prejudicial.

The Court is persuaded by Defendants arguments.  Courts may deny leave to amend for lack of excusable neglect "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."[15]  Here, the court finds Plaintiff should have been aware of the facts that give rise to its proposed Amended Complaint months before it sought leave to amend.  Plaintiff has failed to show such neglect was excusable and has failed to offer an adequate explanation for the delay.  Indeed the depositions that prompted review of the documents were postponed twice at Plaintiffs request.

---

[14] Mtn. p. 3.

[15] *Fed. Ins. Co.* 823 F.2d at 387.

In addition, the court finds allowing Plaintiff to amend this late in the case is prejudicial to Defendants. Fact discovery has concluded and the deadline for filing dispositive or potentially dispositive motions is fast approaching.

Finally, the court declines Plaintiff's invitation to enter an amended scheduling order because it denies the motion to amend.[16]

### ORDER

For these reasons the court DENIES Plaintiff's Motion for Leave to Amend.

IT IS SO ORDERED.

DATED this 30 January 2017.

Brooke C. Wells
United States Magistrate Judge

---

[16] The court notes an Amended Scheduling Order was already entered on January 3, 2017.