IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BANK OF THE WEST,<br><br>Plaintiff,<br>v.<br><br>NEWELL K. WHITNEY; CONNIE T. WHITNEY; Newell and Connie Whitney, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO EXPEDITE DISCOVERY DISPUTE<br><br>Case No. 2:15-cv-622 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

Defendants move the "court for an order to maintain the Confidential designation of documents produced by Defendants and third-party Mantyla McReynolds (collectively 'Producing Parties')"[1] in accordance with the Standard Protective Order. Under DUCivR 26-2 the District of Utah has adopted a Standard Protective Order to help move cases toward resolution.[2] As set forth below the court will deny the motion without prejudice.

## BACKGROUND

On March 23, 2017 Plaintiff sent Defendants a letter challenging the confidential designation of "all of the documents produced by Defendants and their accounting firm, Mantyla McReynolds …."[3] Defendants' counsel responded within five business days via letter on March 30, 2017, disputing Plaintiff's challenge and noting that the Standard Protective Order "expressly allows documents to be designated as Confidential where they contain 'confidential or

---

[1] Mtn p. 2, docket no. 125.

[2] *See* DUCivR 26-2 (2016) ("the Standard Protective Order available on the Forms page of the court's http://www.utd.uscourts.gov shall govern ….").

[3] Op. p. 2, docket no. 126.

proprietary technical, scientific, *financial*, *business*, health, or medical information.'"[4] In an effort to accommodate Plaintiff's request for re-designation, Defendants reviewed the documents and "identified some [where they] were willing to remove the confidentiality designation . . . ."[5] The re-designated documents were transmitted to Plaintiff's counsel on April 6, 2017. "At this point, Defendants believed that the parties had resolved the dispute without Court involvement."[6]

There was no further communication about the documents at issue until Plaintiff filed a Notice Re: Designation of Documents on April 12, 2017 with the court.[7] In that filing Plaintiff asserted "all documents produced by defendants and their accounting firm, Mantyla McReynolds …."[8] are no longer designated as Confidential because Defendants failed to move the court to maintain their destination within the required timeframe under the Standard Protective Order. Plaintiff made specific reference to alleged violations of Paragraph 9 of the Standard Protective Order.

The following day on April 12, 2017, Defendants filed a response to the notice of designation of documents and filed the instant motion.

## DISCUSSION

**(i)    The Party's Actions and the Standard Protective Order Support Maintaining the Documents Confidential Designation.**

Defendants seek to maintain the Confidentiality designation of "documents produced by Defendants and third-party Mantyla McReynolds (collectively "Producing Parties")."[9] The

---

[4] March 30, 2017, letter p. 1, attached as exhibit b to Plaintiff's opposition, docket no. 126-2.

[5] *Id.*

[6] Defendants' Response to Plaintiff's Notice Re Designation of Documents, p. 2, docket no. 124.

[7] Docket no. 123.

[8] Notice Re: Designation of Documents p. 2, docket no. 123.

[9] Mtn. p. 2, docket no. 125.

Producing Parties have produced "thousands of pages containing sensitive and confidential financial and business information"[10] and only seek to maintain as confidential only the most sensitive documents that they argue should not be publicly disclosed. These documents include "bank statements, financial statements, tax returns, non-public operating agreements, credit card statements, and transaction reports."[11]

In support Defendants argue the protective order expressly allows documents to be designated as Confidential where they contain "confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party."[12] Defendants point to three recent cases where this court has upheld confidentiality designations beyond account numbers, social security numbers or other identifying information.[13]

Plaintiff does not contest this argument and the undersigned agrees with Defendants position that the Standard Protective Order expressly allows documents to be designated as Confidential if they fall within certain categories. It is clear from the plain language of the Standard Protective Order that certain documents beyond identifying information may be marked Confidential.[14]

---

[10] *Id.*

[11] *Id.*

[12] Standard Protective Order § 2.

[13] These cases include: *Advanced Recovery Sys., LLC v. Am. Agencies* No. 2:13CV283DAK, 2017 WL 928461, at *8 (D. Utah Mar. 7, 2017), where this court permitted an "attorneys' eyes only" designation for a confidential settlement agreement; *Critical Nurse Staffing v. Four Corners Health Care* No. 2:13-CV-646 TS, 2016 WL 2733124, at *4 (D. Utah May 10, 2016), wherein this court maintained an attorneys' eyes only designation for financial data spreadsheets finding they were competitive business information; and *Awadh v. Farm Bureau Mut. Ins. Co.* No. 1:13CV00145, 2015 WL 4771733, at *2 (D. Utah Aug. 12, 2015) where Magistrate Judge Warner designated tax records as Confidential Information—Attorneys' Eyes Only.

[14] *See e.g., S.E.C. v. Merrill Scott & Assocs., Ltd.*, 6000 F.3d 1262, 1271 (10th Cir. 2010) ("The starting point for interpretation of a protective order lies in its plain language."); *City of Hartford v. Chase*, 942 F.2d 130, 134–35 (2d Cir.1991) ("Because the Confidentiality Order was part of a court-approved agreement, it must be construed according to general principles of contract law ... Thus, deference is to be paid to the plain meaning of the language ... and the normal usage of the terms selected." (citation and quotation omitted)).

Instead of contesting that argument, Plaintiff argues Defendants have failed to timely move the court to maintain the documents Confidentiality status. On March 23, 2017, Plaintiff sent Defendants a letter challenging the Confidential designation and Defendants failed to file a motion until April 13th to maintain the designation. Specifically Plaintiff points to Paragraph 9 of the Standard Protective Order asserting that "within five business days of the notification [challenging a designation of documents], the producing party **must** 'move the court for a protective order or any other order to maintain the designation.'"[15] Plaintiff's argument appears to have persuasive value but when taken in context of the parties' failures to communicate—including both the Plaintiff and Defendants—and the language found in the Standard Protective Order, the court declines to de-designate the documents at this time.

Section 9 of the Standard Protective Order provides in relevant part:[16]

Challenge to Designation

> b) Notwithstanding anything set forth in paragraph 2(a) and (b) herein, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation, stating the reasons in that request. The producing party shall then have five (5) business days from the date of receipt of the notification to:
>
>> (i) advise the receiving parties whether or not it persists in such designation; and
>>
>> (ii) if it persists in the designation, to explain the reason for the particular designation.
>
> (c) If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, any

---

[15] Op. p. 2, docket no. 126 (quoting the Standard Protective Order) (emphasis added).

[16] The Standard Protective Order is available on the court's website in the forms section at http://www.utd.uscourts.gov/documents/formpage.html.

producing party may then move the court for a protective order or any other order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within five (5) business days, the information will be de-designated to the category requested by the receiving party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).[17]

In looking at the plain language of the Standard Protective Order[18] Plaintiff clearly challenged the designation of the documents as Confidential on March 23, 2017. Defendants then timely responded via letter on March 30, 2017 contesting the challenge. At this point Defendants advised Plaintiff that it persisted in its designation.[19] Defendants then reviewed the documents and removed the confidentiality designation on a certain number of them. These documents were provided to Plaintiff's counsel on April 6, 2017. Plaintiff never responded to Defendants' re-designation of documents other than a specific request to unseal a complaint in another lawsuit.[20] Then on April 12, 2017, Plaintiff filed its notice stating "all documents produced by defendants and their accounting firm ... are no longer designated as 'Confidential ….'"[21]

Section 9(c) of the Standard Protective Order states that "If a request under subparagraph (b) is turned down, or if no response is made within five (5) business days after receipt of notification, any producing party may then move the court for a protective order or any other order to maintain the designation." Defendants initially "turned down" Plaintiff's request to change the designation of documents but then re-classified some of the documents. At this point

---

[17] Standard Protective Order § 9.

[18] *See* fn. 14 *supra*.

[19] *See* Standard Protective Order § 9(b).

[20] *See* Defendants' Response to Plaintiff's Notice re: Designation of Documents p. 4, docket no. 124.

[21] Notice Re: Designation of Documents p. 2.

Plaintiff's initial request had been altered and the court finds Plaintiff had a burden to state whether it persisted in its desire to change designation of the remaining documents. Rather than communicating about those documents, Plaintiff requested the unsealing of a complaint in another matter. Plaintiff's actions added to Defendants presumption that Plaintiff's initial concerns about the designation of documents had been resolved. Thus it was reasonable for Defendants to presume that the matter had been resolved and therefore did not need to file a motion.

In addition, section 9(c) states that a "party **may** move the court for a protective order."[22] Plaintiff conveniently changes the permissive nature of may, which is used to express a contingency, to must, which connotes one is obliged or bound to take action, in its arguments. The use of "may" in the protective order indicates to the court that the parties are to cooperate with each other, openly communicating about the designation of documents until they reach an impasse. Both parties failed to communicate here as neither party clarified the other parties' position with respect to any remaining documents after Defendants re-designated some of the documents. But the failure of the Plaintiff is more concerning because the court is not inclined to reward the use of silence as an ambush tactic on one's adversary as that would undermine the basic need for cooperation in resolving disputes[23] and the meet and confer requirements found in the Local Rules.[24]

---

[22] Standard Protective Order § 9(c).

[23] *See, e.g.,* Lacy Cansler, Daniel Levy, Kelisen Molloy, Henry Tanner, State Legislative Update, 2012 J. Disp. Resol. 507, 542 (2012) (noting that an "effective mediation depends on cooperation of the parties").

[24] *See* DUCivR 37-1 ("The parties must make reasonable efforts without court assistance to resolve a dispute arising under Fed. R. Civ. P. 26-37 and 45. At a minimum, those efforts must include a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure/request(s) at issue, the response(s) thereto, and specifying why those responses/objections are inadequate").

**(ii) The Court Will Order the Parties to Meet and Confer About the Remaining Documents.**

Because the parties have yet to fully meet and confer about the remaining documents at issue and their designation the court will order the parties to do so in accordance with Local Rule 37-1. If the parties cannot come to an agreement and after Plaintiff challenges the designation of certain documents then Defendants may file a motion in accordance with the Standard Protective Order. As noted in the protective order the "Burden of proving that the designation is proper shall be upon the producing party."[25] Certainly the current motion as drafted would fail to meet that burden as it lacks specificity or any type of privilege log.

ORDER

Accordingly the court DENIES WITHOUT PREJUDICE the Motion to Expedite Discovery Dispute re: Designation of Documents.

IT IS FURTHER ORDERED that the parties are to meet and confer regarding the designation of the remaining documents at issue.

IT IS SO ORDERED.

DATED this 3 May 2017.

Brooke C. Wells
United States Magistrate Judge

---

[25] Standard Protective Order § 9(c).