IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BANK OF THE WEST,<br><br>                Plaintiff,<br>v.<br><br>NEWELL K. WHITNEY; CONNIE T. WHITNEY; Newell and Connie Whitney, et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION T O UNSEAL DOCUMENTS MARKED CONFIDENTIAL BY DEFENDANTS<br><br>Case No. 2:15-cv-622 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

       Defendants Newell K. Whitney et al. have marked certain documents "Confidential" under the terms of the Standard Protective Order entered in this case.[1] Plaintiff Bank of the West (BOTW) moves the court under DUCivR 5-3(b) for an order de-designating "all of the documents marked 'Confidential' so that BOTW no longer is required to file them under seal and so that the courtroom is not closed to the public at trial."[2] The court will deny the motion.

## BACKGROUND

       The instant dispute regarding the designation of documents has been inveterately interwoven into this case. In May 2017, the court entered an order denying without prejudice Defendants request to maintain the confidential designation of certain documents. In reaching its decision the court noted the lack of communication between the parties and ordered the parties to meet and confer regarding the designation of the remaining documents at issue.[3] The parties met

---

[1] The Standard Protective Order is available on the court's forms page at http://www.utd.uscourts.gov/usdc-forms (last accessed February 28, 2018). The District of Utah adopted a Standard Protective Order to help move cases toward resolution as often discovery in civil cases was being unnecessarily delayed while the parties fought over the form of a protective order. *See* DUCivR 26-2 (2017).

[2] Mtn p. 2, docket no. 186.

[3] *See* Memorandum decision and order dated May 3, 2017, p. 7.

and conferred on May 16, 2017, and although the ultimate question of whether the remaining documents are confidential was not resolved, the parties did reach an agreement on the handling of confidential documents "until such time as that question may be addressed by the Court on the merits."[4]

On January 17, 2018, the instant motion was filed where Plaintiff seeks to "de-designate all of the documents marked 'Confidential.'"[5]

## DISCUSSION

**(i)** **The Standard Protective Order Allows Defendants to Maintain Their Confidential Designation.**

The Standard Protective Order sets forth certain designations for categories of information and documents to help facilitate discovery. "Protected Information" is defined as "confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party."[6] The designation "CONFIDENTIAL—ATTORNEYS EYES ONLY" may only be used for the following types of past, current or future protected information:

> (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people

---

[4] Notice of stipulation re: Defendants' confidential designation of documents p. 2, docket no. 141.

[5] Mtn. p. 2.

[6] Standard Protective Order § 2(a).

subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.[7]

"CONFIDENTIAL INFORMATION", which is the designation at issue here, means all protected information that is not designated as "CONFIDENTIAL—ATTORNEYS EYES ONLY."[8]

The Standard Protective Order provides that "[t]he burden of proving that the designation is proper shall be upon the producing party."[9] Thus, the burden is on Defendants to maintain their CONFIDENTIAL INFORMATION designation. In support of that burden Defendants offer a privilege log that gives a bates number for documents and a brief description. For example, bates number MM1-1712 is "Bank Statements" and NC1-125 is "2014 Tax Returns."[10] Having reviewed the privilege log the court finds the documents fit the definition of CONFIDENTIAL INFORMATION as set forth above. The undersigned finds that Defendants have done enough to warrant continued protection of the documents at issue. The court is not persuaded by Plaintiff's countervailing arguments.

Plaintiff argues Defendants have failed to meet their "heavy burden" and cannot overcome the "fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view."[11] The court

---

[7] Standard Protective Order § 2(b); *see also Critical Nurse Staffing v. Four Corners Health Care*, No. 2:13-CV-646 TS, 2016 WL 2733124, at *3 (D. Utah May 10, 2016).

[8] Standard Protective Order § 2(c).

[9] Standard Protective Order § 9(c).

[10] Privilege Log, attached to Defendants' Opposition, docket no. 191-1.

[11] *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996).

agrees with the general principles of openness. Indeed, "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute."[12]

The Standard Protective Orders seeks to strike a balance between the need to protect a litigant's information and the public interest in an open process. This balance is not perfect, but there are procedures within the Standard Protective Order, such as the opportunity to challenge a designation, that work toward the ideal world. The instant matter is unlike those cited to by Plaintiff. For example in *M.M. v. Zavaras*,[13] an unnamed plaintiff sought to proceed in pseudonym hiding its identity from the public view. Here the litigants are known. And, the Tenth Circuit in *JetAway Aviation, LLC v. Bd. of County Com'rs of County of Montrose, Colo.*[14] applied controlling precedent that rejects the sealing of documents <u>on appeal</u>, which in that case were sealed in the district court under a standard protective order, without some further showing.[15] The other cases cited to by Plaintiff are likewise unpersuasive.

Finally, it is not uncommon for a trial to have certain documents or information that is sealed or restricted to the public. There is no need in such a situation to have a completely secret closed trial as Plaintiff supposes will happen in this case. This case is set for a bench trial before Judge Waddoups and the undersigned is confident that Judge Waddoups will balance the needs for protecting confidential information with the interests of an open trial.

---

[12] *Man v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *see e.g., Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is uncontested ... that the right to inspect and copy judicial records is not absolute." (emphasis added)).

[13] 939 F. Supp. 799 (D. Colo. 1996).

[14] 754 F.3d 824, 826 (10th Cir. 2014).

[15] In the prior motion regarding the designation of documents, Plaintiff's counsel conveniently changed the wording in the Standard Protective Order to support its position. *See* Memorandum decision and order dated May 3, 2017, p. 6. These ill-advised deceptive practices are continued in the current motion. Plaintiff's counsel omits part of a sentence in *JetAway* to add support to its position. *See JetAway*, 754 F.3d at 826 ("Controlling precedent in this circuit—that was readily available to JetAway when it filed its motion to seal—explicitly rejects such an explanation as a sufficient justification for sealing documents <u>on appeal</u>.") (emphasis added to omitted portion).

ORDER

Accordingly the court DENIES Plaintiff's Motion to Unseal Documents Marked Confidential by Defendants.[16]

IT IS SO ORDERED.

DATED this 1 March 2018.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[16] Docket no. 186.