IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BANK OF THE WEST,<br><br>Plaintiff,<br><br>vs.<br><br>NEWELL K. WHITNEY; CONNIE T. WHITNEY; Newell and Connie Whitney, Trustees of THE NEWELL AND CONNIE WHITNEY TRUST; FOX RUN, LLC; FR-1AB, LLC; FR-2AB, LLC, FR-3AB, LLC; FR-4AB, LLC; FR-5AB, LLC; FR-6AB, LLC; FR-7AB, LLC; FR-8AB, LLC; FR-9AB, LLC; FR-10AB, LLC; FR-11AB, LLC; FR-12AB, LLC; FR-AIRLINE, LLC; FR-CCW, LLC; FR-CW, LLC; FR-DORSET, LLC; F.R. MIDRAIL, LLC; RD-SSTAX, LLC; FR-NAUVOO, LLC; FR-EAGLEWOOD, LLC ; NC WHITNEY, LTD; FR-CASTLE, LLC; FR-CW LOTS, LLC; CENTRAL PROPERTY MANAGEMENT, LLC; AND NKW, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO RELEASE NOTICES OF LIS PENDENS**<br><br>Case No. 2:15-cv-00622-CW-BCW<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

     Defendant's Motion to Release Notices of Lis Pendens came before the court for hearing on January 24, 2018. After considering the parties' memoranda, the record, relevant legal authority, and hearing oral argument, the court GRANTS IN PART and DENIES IN PART defendants' motion. (ECF No. 186.) Plaintiff is ordered to release all notices of lis pendens it filed in connection with this case; however, defendants are not awarded statutory damages and attorneys' fees.

1

## BACKGROUND

In this action, Bank of the West seeks to impose "a resulting trust on all of the assets of the Whitney Entities," (*see* Complaint, ¶ 97, ECF No. 2), and "to reverse pierce the corporate veils of the Whitney Entities" so that Bank of the West may execute against the Whitney entity assets to satisfy a judgment it has against Newell Whitney individually. (*Id.*, ¶ 109). In connection with the claims in this case, Bank of the West filed a notice of lis pendens against Whitney entity assets in the Utah County Recorder's Office on March 10, 2017. The substantive portion of the Utah County notice reads:

> PLEASE TAKE NOTICE that Bank of the West has filed a Complaint in the above-referenced lawsuit seeking relief that, if granted, will affect title to the real property described on Exhibit A attached hereto. In this action Bank of the West seeks an order that defendant Newell K. Whitney is the alter ego of the owners of the real property listed on Exhibit A. Bank of the West also seeks an order imposing a resulting trust on the properties listed on Exhibit A, of which Newell K. Whitney is the sole beneficiary.

(ECF No. 175, Ex. 1.) There are three listed properties on the Utah County notice:

1. 150 S. 400 E., American Fork, UT, owned by defendant FR-Airline;

2. 839 Alpine Hwy, Alpine, UT, owned by defendant FR-Airline; and

3. 747 West Ranch Circle, Alpine, UT, owned by The Newell and Connie Whitney Trust defendant.

Defendants also discovered that Bank of the West filed a substantively identical notice of lis pendens in the Salt Lake County Recorder's Office on March 10, 2017. Bank of the West did not give notice to defendants of this filing. The property identified on the Salt Lake County notice is:

1. 357 W. 6160 S. #8, Murray, UT, owned by defendant FR Midrail. (*Id.*, Ex. 2.)

At issue is whether plaintiff properly filed its notices in an action of this type, and, if not, whether defendants are entitled to statutory damages and attorneys' fees.

## ANALYSIS

## I. PLAINTIFF IMPROPERLY FILED ITS NOTICES OF LIS PENDENS

### A. Plaintiff failed to file the notices with the court prior to recording them with the county recorder.

A party seeking to file a notice of lis pendens under Utah Code Ann. § 78B–6–1303 is first required to "file the notice with the court that has jurisdiction of the action" and second, "record a copy of the notice filed with the court with the county recorder in the county where the property or any portion of the property is located." *Id.* § 78B–6–1303(1)(b).[1] It is undisputed that plaintiff failed to file its notices with the court prior to recording them.

Plaintiff argues that the statute does not specifically require a party to release notices of lis pendens based solely on failure to first file them with the court, and that to require release for that reason here would exalt form over substance. (Opp'n Memo 3, ECF No. 179.) The Utah Court of Appeals, however, has interpreted the statute's preliminary requirements strictly:

> It is true that, under section 78B–6–1304(2)(b), a court shall order a lis pendens released if it makes such a finding [regarding the validity of the real property claim]. However, the lis pendens statute requires the lis pendens to satisfy other requirements as well. *See* Utah Code Ann. § 78B–6–1303. For example, "[e]ither party to an action affecting the title to, or the right of possession of, real property may file" a lis pendens, and the lis pendens "shall contain" the parties' names, the object of the action, and a description of the affected property. *Id.* **We see no reason why failure to comply with these preliminary requirements should not also be grounds to release the lis pendens**.

*Robinson v. Robinson*, 368 P.3d 147, 158 (Utah Ct. App. 2016) (emphasis added). The *Robinson* court then ordered the lis pendens released in that case precisely because the party who filed it failed to comply with the preliminary requirements of Utah Code Ann. § 78B–6–1303. *Id.* This

---

[1] This statute was amended on March 25, 2016, in part to add additional filing requirements, and became effective May 10, 2016. Plaintiff's notices were filed on March 10, 2017, ten months after the amended statute became effective.

court similarly finds that plaintiff's notices should be released based on the undisputed fact that plaintiff also failed to satisfy the preliminary requirements of Utah Code Ann. § 78B–6–1303.

Plaintiff also argues that "[i]f the Court were to order release of the Notices, [it] would then (unless the Court had ordered it not to), simply re-file the same Notices with the Court and immediately record them again." (Opp'n Memo 3, ECF No. 179.) This action, however, would violate Utah Code Ann. § 78B–6–1304(4), which requires that if released, a claimant must first seek a court order to file new notices of lis pendency. The statutory scheme exists to provide adequate notice and the opportunity to challenge a proposed lis pendens before it is recorded to prevent having recorded notices on file before the resolution of any challenge.

**B. Plaintiff does not have claims in this action that affect the title to real property.**

Utah Code Ann. § 78B–6–1303 authorizes fling a notice of the pendency of an action "that affects the title to, or the right of possession of, real property." *Id.* § 78B–6–1303(1)(a). The "primary purpose of [a lis pendens] is to provide prospective purchasers with notice of litigation affecting title to or possession of property" as "any rights or interests they may acquire in the interim are subject to the judgment or decree." *Winters v. Schulman*, 977 P.2d 1218, 1222 (Utah Ct. App. 1999). Further, the parties both acknowledge that "Utah law does not allow the filing of a lis pendens in cases seeking a money judgment." *Id.* at 1224; *see also Hamilton v. Smith*, 808 F.2d 36 (10th Cir. 1986) (holding that Utah's statute should be "construed to prohibit the filing of a notice of lis pendens in anticipation of a money judgment.")

Plaintiff argues that it already has a money judgment and is not seeking a new one; instead, it "seeks authorization to recover assets – including real property – held by Newell Whitney's alter egos." (Opp'n Memo 5, ECF No. 179.) Specifically, plaintiff's Complaint asserts claims for "the imposition of a resulting trust on all the assets of the Whitney Entities,"

4

(*see* Complaint, ¶ 97), and "to reverse pierce the corporate veils of the Whitney Entities so that [Bank of the West] may execute against their assets to satisfy its Judgment against Newell Whitney . . . ." (*Id.*, ¶109; ECF No. 2.) Plaintiff asserts that its resulting trust and reverse piercing claims "clearly affect the title to or the right of possession of the defendants' real property, as required by the statute." (Opp'n Memo 5, ECF No. 179.)

Plaintiff's arguments fall short of articulating a claim affecting either title to or right of possession of real property. Plaintiff's money judgment is against Newell Whitney individually. Even if plaintiff's action here succeeds in reverse piercing the Whitney entities and plaintiff can use the assets of these entities to satisfy its judgment against Newell, title to and possession of the real property will still be held by the Whitney entities. The only difference will be that plaintiff can execute against the Whitney entity assets in pursuit of collecting on its money judgment. Similarly, even if plaintiff's action here succeeds in imposing a resulting trust on the Whitney entities, plaintiff seeks a declaration that "the Whitney Entities *hold all such property* as trustees . . . and that [Bank of the West] may execute against all of the assets of the Whitney Entities, and their proceeds, to satisfy the Judgment." (Opp'n Memo 5; ECF No. 179.) Either way, title and possession of the real property held by the Whitney entities is not at issue or affected by this action. Plaintiff seeks only to "execute" against Whitney entity assets "*and their proceeds*" to satisfy its money judgment. It makes no difference to plaintiff's money judgment whether it is collected via Whitney entity bank accounts, cars, or any other corporate entity asset, including real property. Plaintiff's claims seek enforcement of a monetary award and are unrelated to title or possession of the properties themselves. *See Winters*, 977 P.2d at 1224. Plaintiff's "request that payment be encouraged by creating a lien on the Utah propert[ies] does not change the claim's fundamental character." *Id.*

In an analogous case arising out of New Mexico, the Tenth Circuit held that the United States did not have a present, ripened interest in substitute property (property that neither comprises the fruits of nor is connected to an alleged crime) that justified overcoming the usual prohibition on using a lis pendens in anticipation of a money forfeiture judgment. *U.S. v. Jarvis*, 499 F.3d 1196 (2007). Unlike the United States' statutory "right, title, and interest" in tainted property "constituting, or derived from, any proceeds" of a defendant's criminal action or property "used, or intended to be used" in the commission or facilitation of a crime, 21 U.S.C. § 853, the United States had "only a potential and speculative future interest" in substitute property that does not satisfy the prerequisites for recording a lis pendens. *Id.* at 1205.

Here, plaintiff admits that its interest in the Whitney entity properties is limited to satisfying its money judgment against Newell Whitney. Plaintiff has no present, ripened right, title, or interest in the Whitney entities' real estate, which is currently owned by the respective corporate and trust entities and not by Newell individually. Newell's interest in the several entities is personal property, not real property. Thus, the existing judgment does not affect an interest in real property. *CFD Payson, LLC v. Christensen*, 2015 UT App 251 ¶ 9, 361 P.3d 145 (Utah Ct. App. 2015). Plaintiff's alter ego and resulting trust claims still represent "only a potential and speculative future interest" in the real properties themselves because even assuming success here, plaintiff's money judgment can be satisfied by any Whitney entity assets, including cash. *See Jarvis*, 499 F.3d at 1205.

Thus, the court concludes that alter ego or resulting trust claims in an action seeking to collect on a money judgment do not "affect[] the title to, or the right of possession of, real property" such that recording a notice of lis pendens is valid pursuant to Utah Code Ann. § 78B–6–1304(2)(b).

6

## II. DEFENDANTS ARE NOT ENTITLED TO STATUTORY DAMAGES AND ATTORNEYS' FEES

Defendants seek statutory damages and attorneys' fees under Utah Code Ann. § 78B–6–1304.5 and as a prevailing party under Utah Code Ann. § 78B–6–1304(8). The court awards no statutory damages or attorneys' fees.

Section 78B–6–1304.5 lists four grounds that may justify an award of damages. Defendants rely on subsection (2), which permits an award of damages and fees where "the notice is groundless . . . ." *Id.* "A claim of interest in real property is groundless if it 'has no arguable basis or is not supported by any credible evidence." *See Commercial Investment Corp. v. Siggard*, 936 P.2d 1105, 1111 (Utah Ct. App. 1997) (quoting *Evergreen West, Inc. v. Boyd*, 167 Ariz. 614, 810 P.2d 612, 619 (App. 1991) (interpreting "groundless" under the Utah Wrongful Lien Act, Utah Code Ann. §§ 38–9–1, *et seq.*, which similarly imposes liability for statutory damages if a wrongful lien is found to be groundless.)

Section 78B–6–1304(8) allows the court to "award costs and attorney fees to a prevailing party on any motion under this section unless the court finds that: (a) the nonprevailing party acted with substantial justification; or (b) other circumstances make the imposition of attorney fees and costs unjust." *Id.*

Prior to this written opinion, the court is unaware of any Utah case that concluded that alter ego or resulting trust claims in an action seeking to collect on a money judgment do not "affect[] the title to, or the right of possession of, real property" such that recording a notice of lis pendens is valid pursuant to Utah Code Ann. § 78B–6–1304(2)(b). Accordingly, the court finds that plaintiff's notices of lis pendens were not "groundless" or filed without "substantial

7

justification." Future claimants will not have the luxury of this absence to avoid a damages award.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion in part and orders plaintiff to immediately release all lis pendens filed in connection with this case. In addition, the court DENIES defendants' motion in part and does not award defendants statutory damages or attorneys' fees. (ECF No. 175.)

SO ORDERED this 9th day of March, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Judge