# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BANK OF THE WEST,<br><br>                    Plaintiff,<br><br>v.<br><br>NEWELL K. WHITNEY; CONNIE T. WHITNEY; Newell and Connie Whitney, et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S ORDER<br><br>Case No. 2:15-cv-00622<br><br>Judge Clark Waddoups |

Before the court is Plaintiff Bank of the West's Rule 72(a) Objection (ECF No. 198) to Magistrate Judge Brook Wells' March 1, 2018 Memorandum Decision and Order. (ECF No. 196.) On March 1, 2018, Judge Wells denied Bank of the West's Motion to Unseal Documents Marked Confidential by Defendants. (ECF No. 186.) Judge Wells found that the Defendants met their burden "to warrant continued protection of the documents at issue." (ECF No. 196 at 3.) Bank of the West moves the court for review of Judge Wells' ruling, arguing that it was clearly erroneous and contrary to law. (ECF No. 198 at 9.) The court concludes that Judge Wells' ruling was neither clearly erroneous, nor contrary to law. Bank of the West's objection is overruled.

## I.        Background

Bank of the West's Objection is about whether certain documents belonging to the Defendants should be designated as "confidential information" under the Standard Protective Order.[1] Both Bank of the West and the Defendants agree that "[i]n this action, the [D]efendants . . . have produced thousands of pages of documents marked 'Confidential' under the governing Standard Protective Order . . . ." (ECF No. 186 at 2); *see also* (ECF No. 125 at 2) ("Producing

---

[1] The Standard Protective Order is available on the court's forms page at http://www.utd.uscourts.gov/usdc-forms (last accessed March 27, 2018).

Parties have produced thousands of pages containing sensitive and confidential financial and business information.") On March 23, 2017, Bank of the West's counsel sent Defendants' counsel a letter "pursuant to Paragraph 9(b) of the Protective Order," challenging the Defendants' confidential designation of those documents. (*See* ECF No. 186-2 at 3.) On March 30, 2017, the Defendants' counsel sent a responsive letter informing Bank of the West that they would de-designate some of the documents as non-confidential, but would not be de-designating "any of their financial records, bank statements, credit card statements, tax returns, or operating agreements . . . ." (ECF No. 186-3 at 2.). The Defendants did not file a motion at this time.

On April 12, 2017, Bank of the West filed a "Notice re: Designation of Documents." (ECF No. 123.) In this Notice, Bank of the West argued to the Magistrate Court that because the Defendants had not filed a motion as required, "that by operation of Paragraph 9(c) of the Protective Order, the documents produced by defendants . . . are no longer designated 'Confidential.' " (*See* ECF No. 186 at 3) (citing ECF No. 123.) On April 13, 2017, Defendants filed a response (ECF No. 124) to Bank of the West's Notice. On that same day, Defendants filed a Motion to Expedite Discovery, moving "the Court for an order to maintain the Confidential designation of documents produced by Defendants . . . ." (ECF No. 125 at 2.) On April 20, 2017, Bank of the West filed a Memorandum in Opposition to Defendants' Short Form Discovery Motion. (ECF No. 126.) On May 3, 2017, the Magistrate Court denied the Defendants' motion without prejudice, and ordered "the parties . . . to meet and confer regarding the designation of the remaining documents at issue." (ECF No. 138 at 7.) Bank of the West did not file an Objection to the Magistrate Court's decision at this time.

The parties did not reach an ultimate resolution, but on May 19, 2017 they filed a Notice of Stipulation, temporarily agreeing "that all documents that Defendants continue to designate as

'Confidential' are subject to the protections in the Standard Protective Order, and, if filed with the Court, shall be filed under seal." (ECF No. 141 at 2.) In this agreement, Bank of the West "reserve[d] its right to argue at a later time . . . that the documents are not 'Confidential.' " (ECF No. 141 at 3.)

On January 17, 2018, Bank of the West exercised its right and filed a Motion to Unseal Documents Marked Confidential by Defendants. (ECF No. 186.) In this Motion to Unseal, Bank of the West sought "to obtain an order from the Court de-designating all of the documents marked 'Confidential' so that [Bank of the West] [would] no longer [be] required to file them under seal and so that the courtroom [would] not [be] closed to the public at trial." (ECF No. 186 at 2.)

On January 31, 2017, the Defendants filed a Memorandum in Opposition. (ECF No. 191.) In the Opposition, the Defendants argued that the documents at issue "warrant a confidential designation." (ECF No. 191 at 3.) The Defendants argued that the "documents reveal the scope and the entirety of the Producing Parties' financial and businesses affairs over the past ten years." (ECF No. 191 at 4.) And the Defendants argued that "because Defendants are engaged in the business of buying, selling, and leasing real property, allowing the public to have access to information regarding their operations and financial condition is disadvantageous as it affects their negotiating position." (ECF No. 191 at 4.) The Defendants attached a privilege log to their Opposition. (ECF No. 191-1.) The privilege log included a description of those documents marked "confidential," and included corresponding Bates numbers. (ECF No. 191-1 at 1-2.)

On March 13, 2018, Bank of the West filed a Reply (ECF No. 194) to the Defendants Opposition. In this Reply, Bank of the West argued that Defendants did not meet their "heavy burden" "to maintain the confidential designation for any of their documents." (ECF No. 194 at

2.) Bank of the West argued that "Defendants [did] not specify *how* public disclosure of their financial information would affect their negotiating position or *who* [would] gain a competitive advantage if they gain access to this information." (ECF No. 194 at 2) (emphasis in original). Bank of the West also argued that "Defendants did not specify *which* documents contain information that would affect their negotiation position." (ECF No. 194 at 2) (emphasis in original).

On March 1, 2018, the Magistrate Court issued a Memorandum Decision and Order (ECF No. 196) denying Bank of the West's Motion to Unseal Documents Marked Confidential by Defendants. The Magistrate Court "reviewed the privilege log" and found that "the documents fit the definition of CONFIDENTIAL INFORMATION" under the Standard Protective Order. (ECF No. 196 at 3.) The Magistrate Court also found that "Defendants [did] enough to warrant continued protection of the documents at issue." (ECF No. 196 at 3.)

## II.    Rule 72(a) Objections

Under Federal Rule of Civil Procedure 72(a) a district court will overturn a magistrate judge's decision if it is "clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). A court reviewing a magistrate judge's decision under the clearly erroneous standard must affirm unless the record leaves the court with the "definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006) (citation omitted).

Bank of the West argues that "contrary to [the Magistrate Court's] Order, Defendants failed to meet their burden." (ECF No. 198 at 6.) Bank of the West appears to argue that the Magistrate Court's Order was clearly erroneous and contrary to law, in part, because the Magistrate Court "largely ignored" "the legal authority cited by [Bank of the West]" "requiring Defendants to show how they would suffer economic harm . . . ." (*See* ECF No. 198 at 7-9.) The

"legal authority" cited by [Bank of the West] was *PHL Variable Ins. Co. v. Sheldon Hathaway Family Ins. Tr.*, 2012 WL 12888387, at \*2 (D. Utah Dec. 6, 2012) and *Clearone Commc'ns, Inc. v. Chiang*, No., 2007 WL 2572398, at \*1 (D. Utah Sept. 5, 2007). (ECF No. 198 at 7.) The court addresses each of these cases, and then addresses *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824 (10th Cir. 2014), another case Bank of the West cites.

In *PHL Variable*, "the Court entered a Protective Order" "regarding the handling of confidential materials." *PHL Variable*, 2012 WL 12888387, \*1. "The Protective Order govern[ed] 'the handling of . . . depositions . . . .' " *Id*. at \*1. The plaintiff in that case "designated the entire deposition of [a witness] as confidential pursuant to the Protective Order." *Id*. at \*2. "The Protective Order permit[ted] [the] parties to challenge the designations made by another party, first between themselves and then by involving the Court." *Id*. at \*1. The defendant filed a motion to remove the confidential designation. *See id*. at \*2. But the plaintiff did "not file[] a formal objection with the Court to [defendant's]" motion to remove the confidential designation. *Id*. at \*2. The court nevertheless reviewed the transcript of the deposition at issue. *Id*. at \*3. The court noted that the "designation of the entire transcript as confidential [was] not supported by the actual testimony within the transcript nor the Protective Order itself." *Id*. at \*3. The court determined that it was "clear that the entire deposition did not contain confidential information." *Id*. The court then granted the defendant's motion, finding that there was "no good cause to designate the entire deposition as 'confidential.' "

In deciding the defendant's motion, the court in *PHL Variable* noted that "[t]he records of the court are presumptively open to the public." *Id*. at \*2. The court went on to provide that "[i]n determining how to protect confidential information in the context of a lawsuit:"

> the court should balance the [discovering party's] interest in full disclosure of
> relevant information and reasonable protection [of the disclosing party] from

**economic injury**. In making this determination, the court is required to exercise its sound discretion to implement the philosophy of full disclosure of relevant information during discovery, while at the same time affording the parties reasonable protection against harmful side effects.

*Id.* (alterations in original) (emphasis added) (citation omitted) (quoting another source).

The court now turns to Bank of the West's other cited authority—*Clearone*, 2007 WL 2572398. *Clearone* dealt "with three motions by [the plaintiff,] all seeking to modify [the defendants'] designation of documents as 'Confidential' or 'Highly Confidential' under the Confidentiality Order in effect in [that] case." *Clearone*, 2007 WL 2572398 at *1. Before addressing the motions, the court in *Clearone* noted that "[t]he designating party shall bear the burden of establishing the need for the 'HIGHLY CONFIDENTIAL' OR 'CONFIDENTIAL' designation." *Id.* The court in *Clearone* further noted that:

the court should balance the [discovering party's] interests in full disclosure of relevant information and reasonable protection [of the disclosing party] from **economic injury**. In making this determination, the court is required to exercise its sound discretion to implement the philosophy of full disclosure of relevant information during discovery, while at the same time affording the parties reasonable protection against harmful side effects.

*Clearone*, 2007 WL 2572398 at *1 (alteration in original) (emphasis added) (citations omitted) (quoting another source).

*PHL Variable* and *Clearone* both support the proposition that a court "should balance the discovering party's interest in full disclosure" against the "reasonable protection of the disclosing party from **economic injury**." *PHL Variable*, 2012 WL 12888387 at *2 (emphasis added); *Clearone*, 2007 WL 2572398 at *1 (emphasis added). *PHL Variable* does not specifically address the designating party's burden, while *Clearone* mentions that "[t]he designating party shall bear the burden of establishing the need for the 'HIGHLY CONFIDENTIAL' OR 'CONFIDENTIAL' designation." But neither case includes any discussion relating to the specific level of "economic injury" that a designating party is required to present.

Bank of the West argues that the Defendants did not adequately articulate the economic harm they would suffer if the "financial and business records are disclosed." (*See* ECF No. 198 at 6.) As noted above, Bank of the West argues: "[w]ith all due respect to the Court, the legal authority cited by [Bank of the West]—requiring Defendants to show how they would suffer economic harm—was largely ignored." (ECF No. 198 at 7.) But the Magistrate Court did specifically consider *M.M. v. Zavaras*, 939 F. Supp. 799 (D. Colo. 1996) and *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824 (10th Cir. 2014), and then provided that "[t]he other cases cited by Plaintiff are . . . unpersuasive." (ECF No. 196 at 4.) This court closely examined *PHL Variable* and *Clearone*. Neither *PHL Variable* nor *Clearone* include any discussion relating to the specific level of "economic injury" that a designating party is required to present in order to meet its burden. Neither *PHL Variable* nor *Clearone* demonstrate that the Magistrate Court's decision was "clearly erroneous" or "contrary to law." Fed.R.Civ.P. 72(a).

The court now turns to *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824 (10th Cir. 2014), a case Bank of the West relied on in its Motion to the Magistrate Court. In this Objection, Bank of the West explains that it cited to *JetAway* for the "general proposition that Defendants have a heavy burden to justify depriving the public of access to documents, and that the Tenth Circuit has rejected the notion that documents may be protected from disclosure simply because, according to the party seeking protection, they are confidential under a protective order." (ECF No. 198 at 8) (citing ECF No. 186 at 6-7.)

In *JetAway*, a panel for the Tenth Circuit addressed a plaintiff-appellant's motion to seal. *JetAway*, 754 F.3d at 826. The court in *JetAway* noted that the plaintiff-appellant did "not provide *any* basis for sealing the identified documents; instead, it merely stat[ed] that the

documents were filed under seal in the district court pursuant to a protective order and request[ed] that [the Tenth Circuit panel] maintain the status quo." *Id.* (emphasis in original). The court in *JetAway* explained that under controlling precedent in the Tenth Circuit, a party on appeal cannot justify sealing documents simply by pointing out that those documents were subject to a protective order in the district court. *See id.* at 826. Despite this precedent, the Tenth Circuit examined the plaintiff-appellant's motion for a protective order (that the plaintiff-appellant had previously "presented to the district court") "to discern whether" the plaintiff-appellant ever "expressly offered any specific grounds for why the confidentiality of the documents at issue" outweighed the presumption of public access. *Id.* at 827 (citation omitted). The Tenth Circuit, after reviewing the motion for a protective order, concluded that the plaintiff-appellant had not expressed any specific grounds justifying sealing the documents at issue. *See id.* at 827. Instead, in its motion to the district court, the plaintiff-appellant had "simply state[d]" that "the parties anticipated the production of confidential and proprietary information during discovery." *See id.* The Tenth Circuit held that the plaintiff-appellant's "generalized allusion to confidential information [was] woefully inadequate" to meet its "heavy burden." *Id.* (internal quotation marks omitted) (citation omitted).

The facts of *Jetaway* are different from those of the instant case. The Defendants have done more than make a "generalized allusion to confidential information." *Jetaway*, 754 F.3d at 826. Here, Defendants, in their Opposition, argued that because "they are engaged in the business of buying, selling, and leasing real property," "allowing the public to have access to information regarding their operations and financial condition" would be "disadvantageous as it affects their negotiating position." (ECF No. 191 at 4.) And the Defendants argued that the "documents reveal the scope and the entirety of the Producing Parties' financial and businesses

affairs over the past ten years." (ECF No. 191 at 4.) The Defendants produced a privilege log as an attachment to their Opposition. (ECF No. 191-1.) The Magistrate Court specifically considered this privilege log and "found the documents fit the definition of CONFIDENTIAL INFORMATION" under the Standard Protective Order. (ECF No. 196 at 2-3.) This is different from the *Jetaway* plaintiff-appellant's "generalized allusion to confidential information . . . ." *JetAway*, 754 F.3d at 827.  *JetAway* does not demonstrate that the Magistrate Court's decision was "clearly erroneous" or "contrary to law." Fed.R.Civ.P. 72(a).

### III.     Conclusion

For the foregoing reasons, Bank of the West's Rule 72(a) Objection to Magistrate Judge Wells' March 1, 2018 Memorandum Decision and Order (ECF No. 196) is HEREBY OVERRULED.

DATED this 29th day of March, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Judge